IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

NYKOLAS ALFORD; STEPHEN　　　　　　　　　　　　　　　　　　　　　PLAINTIFFS
THOMAS; and ACLU OF MISSISSIPPI

V.　　　　　　　　　　　　　　　　　　　　　　CAUSE NO. 3:16-CV-350-CWR-LRA

JUDY MOULDER, in her official capacity　　　　　　　　　　　　　　　　DEFENDANT
as Mississippi State Registrar of Vital
Records

**ORDER**

Plaintiffs Nykolas Alford, Stephen Thomas, and the ACLU of Mississippi seek a preliminary injunction halting "House Bill 1523," a new state law set to go into effect on July 1, 2016. The State opposes the motion. Having considered the facts, arguments, and applicable law, the motion will be denied without prejudice.

I.　　**Factual and Procedural History**

Alford and Thomas are a same-sex couple who are engaged to be married. They plan to marry within the next three years. The ACLU of Mississippi is a non-profit membership organization that, among other things, advocates for LGBT equality. At least one of its members intends to marry his or her same-sex partner in 2017. Defendant Judy Moulder is the State Registrar of Vital Records. She is sued in her official capacity.

The plaintiffs contend that HB 1523 violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment. Their legal briefs, and arguably their choice of defendant, limit the scope of their motion for injunctive relief to § 3(8)(a) of the bill.[1] In relevant part, § 3(8)(a) grants any government employee who issues marriage licenses a right to recuse himself

---

[1] The plaintiffs' memoranda emphasize how HB 1523 may lead to discriminatory treatment of same-sex *married* couples. None of the plaintiffs (including the ACLU's to-be-married member) are married, though, so they are not subject to those possible hardships. The hurdle the plaintiffs face is the recusal system created by § 3(8)(a).

or herself from serving same-sex couples if the recusing employee has a religious or moral objection to same-sex marriage.[2] HB 1523 § 3(8)(a). The recusing employee must provide prior written notice to the Registrar of Vital Records, and be prepared to "take all necessary steps to ensure that the authorization and licensing of any legally valid marriage is not impeded or delayed as a result of any recusal." *Id.*

## II. Legal Standard

To receive a preliminary injunction, the plaintiffs must show "(1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm if the injunction is not granted; (3) that the threatened injury outweighs any harm that the injunction might cause to the defendant; and (4) that the injunction will not disserve the public interest." *Opulent Life Church v. City of Holly Springs, Miss.*, 697 F.3d 279, 288 (5th Cir. 2012) (citation omitted). "A preliminary injunction is an extraordinary remedy. It should only be granted if the movant has clearly carried the burden of persuasion on all four . . . prerequisites." *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985).

Because injunctions regulate future conduct, the plaintiff must allege and ultimately prove "a real and immediate – as opposed to a merely conjectural or hypothetical – threat of future injury." *Church v. City of Huntsville*, 30 F.3d 1332, 1337 (11th Cir. 1994) (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)). "Speculative injury is not sufficient; there must be more than an unfounded fear on the part of the applicant." *United States v. Emerson*, 270 F.3d 203, 262 (5th Cir. 2001) (citation omitted). If "the harm will occur only in the indefinite future," the irreparable harm element is not satisfied. *Campbell Soup Co. v. ConAgra, Inc.*, 977 F.2d 86,

---

[2] The bill protects a total of three "sincerely held religious beliefs or moral convictions": "(a) Marriage is or should be recognized as the union of one man and one woman; (b) Sexual relations are properly reserved to such a marriage; and (c) Male (man) or female (woman) refer to an individual's immutable biological sex as objectively determined by anatomy and genetics at time of birth." HB 1523 § 2.

91 (3d Cir. 1992). "[T]he moving party must make a clear showing of *immediate* irreparable harm." *Id.* (quotation marks and citation omitted).

**III. Discussion**

The plaintiffs' motion fails at step two of the preliminary injunction standard.[3] They have not shown "that the injury is imminent." *Humana, Inc. v. Jacobson*, 804 F.2d 1390, 1394 (5th Cir. 1986).

The Supreme Court has defined "imminent" as something that "threatens to occur immediately." *Meghrig v. KFC Western, Inc.*, 516 U.S. 479, 485 (1996) (quotation marks, citation, and brackets omitted); *see Emerson*, 270 F.3d at 262 (finding insufficient "the possibility of some remote future injury. *A presently existing actual threat must be shown*."); *Leal v. Stephens*, No. 2:12-CV-136, 2015 WL 5514021, at *13 (N.D. Tex. Aug. 21, 2015) ("Courts have defined imminent to mean ready to take place, near at hand, impending, hanging threateningly over one's head, menacingly near. Black's Law Dictionary defines imminent to mean near at hand; . . . close rather than touching; impending; on the point of happening; threatening; menacing; perilous."); *S.E.C. v. Daspin*, 557 F. App'x 46, 48 (2d Cir. 2014) ("the harm must be truly imminent, and not mere possible injury, or remote and speculative injury"); *see also Google, Inc. v. Hood*, --- F.3d ---, 2016 WL 2909231, at *10 (5th Cir. May 18, 2016) (vacating a preliminary injunction that "covers a fuzzily defined range of enforcement actions that do not appear imminent").

Here, none of the plaintiffs are at imminent risk of injury because of § 3(8)(a). Alford and Thomas's injury, if one exists, would arise when they apply for a marriage license. But they declare that they will apply for their license sometime within the next three years. That is not

---

[3] Because the motion fails at step two, the remaining elements of the preliminary injunction standard need not be considered. *See La Union Del Pueblo Entero v. Fed. Emergency Mgmt. Agency*, 608 F.3d 217, 225 (5th Cir. 2010).

imminent. The ACLU has the same problem. If a member of the ACLU intends to enter into a same-sex marriage in 2017, any injury is at least six months away.

The plaintiffs' supporting cases do not lead to a contrary conclusion. In *Duarte v. City of Lewisville, Texas*, the plaintiffs had "concrete plans" to subject themselves to the ordinance they challenged. 759 F.3d 514, 518 (5th Cir. 2014). There are no such plans here. *Hassan v. City of New York*, meanwhile, helps our plaintiffs on standing, but not on the immediacy of their injury. 804 F.3d 277, 289 (3d Cir. 2015), *as amended* (Feb. 2, 2016). The plaintiffs in *Hassan* did not seek an injunction to prevent imminent injuries. Their injuries had already occurred. *Id.* at 285.

## IV. Conclusion

The motion is denied without prejudice. Within 10 days, the parties shall contact the chambers of the Magistrate Judge to schedule a Case Management Conference.

**SO ORDERED**, this the 20th day of June, 2016.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE