IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

NYKOLAS ALFORD; STEPHEN                                         PLAINTIFFS
THOMAS; and ACLU OF MISSISSIPPI

V.                                             CAUSE NO. 3:16-CV-350-CWR-LRA

JUDY MOULDER, in her official capacity                           DEFENDANT
as Mississippi State Registrar of Vital
Records

**ORDER**

The plaintiffs have moved for reconsideration. They contend that this Court's Order denying preliminary injunctive relief erred by not addressing all of their supporting cases. The plaintiffs say their cases show that they can satisfy the second part of the preliminary injunction standard, imminent harm.

The plaintiffs' supporting authorities are about standing, not preliminary injunctions. The distinction may seem academic, but there is a significant practical difference between the "actual or imminent" injury needed for standing and the "imminent" injury needed to receive a preliminary injunction. The first asks whether the plaintiffs will suffer harm. The second asks whether there is a substantial threat the plaintiffs will suffer that harm *immediately*.

The Order assumed that the named plaintiffs will be injured by HB 1523 § 3(8)(a) when they apply for a marriage license at some point in the next three years – a plan which is also contingent upon at least one of the named plaintiffs obtaining his undergraduate degree, *see* Docket No. 1-2, at ¶8. That assumption credits their standing cases. It does not, however, mean their injury is so urgent that they need an injunction. *See Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008) (reasoning that even if the plaintiff demonstrates a strong

likelihood of prevailing on the merits, a preliminary injunction may not be granted based on the *possibility* of irreparable harm).

The plaintiffs are obviously concerned about HB 1523. But "injunctions will not be granted merely to allay fears and apprehensions, or to soothe anxieties." *Monumental Task Comm., Inc v. Foxx*, --- F. Supp. 3d ---, 2016 WL 311822, at *5 (E.D. La. Jan. 26, 2016) (collecting cases). A party has to be at immediate risk of suffering an irreparable injury to receive an injunction. "One will not be granted against something merely feared as liable to occur at some indefinite time in the future." *Connecticut v. Massachusetts*, 282 U.S. 660, 674 (1931).

In this case, there is ample time for the plaintiffs to make their initial disclosures, participate in a Case Management Conference, move for judgment on the pleadings, and receive a ruling before they are injured by § 3(8)(a). And should their plans for marriage change in some way, they are free to renew their motion for preliminary injunction. At this juncture, however, they have failed to make a clear showing that they are entitled to the requested relief. *See Texas Medical Providers Performing Abortion Servs. v. Lakey*, 667 F.3d 570, 574 (5th Cir. 2012).

Finally, the plaintiffs contend that the State "expressly conceded" the imminence of their injuries. The Court took a hard look at this argument the first time around and saw that the plaintiffs had quoted only half of the State's "concession." The State had actually written, "[t]he time frame in which Plaintiffs might get married is not the operative fact *for purposes of analyzing whether the alleged injury is hypothetical or conjectural.*"

That is an argument about standing that, again, was credited in the plaintiffs' favor. The Order instead held that even if the time frame in which the plaintiffs might get married is not the

operative fact for purposes of standing, it *does* firmly resolve that their injuries are not so immediate as to warrant a preliminary injunction.

The motion for reconsideration is denied. The plaintiffs may take their immediate appeal, *see* 28 U.S.C. § 1292(a)(1), or litigate this case on the merits.

**SO ORDERED**, this the 22nd day of June, 2016.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE