IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

NYKOLAS ALFORD; STEPHEN                                              PLAINTIFFS
THOMAS; and ACLU OF MISSISSIPPI

V.                                                  CAUSE NO. 3:16-CV-350-CWR-LRA

JUDY MOULDER, in her official capacity                                DEFENDANT
as Mississippi State Registrar of Vital
Records

**ORDER**

Before the Court is the State's motion to stay. Docket No. 24. The matter is fully briefed and ready for adjudication.

I.      **Background**

Nykolas Alford, Stephen Thomas, and the ACLU of Mississippi filed this case seeking to enjoin House Bill 1523. The Court evaluated their motion for preliminary injunction and denied it in a written Order. Docket No. 20. The plaintiffs' subsequent motion for reconsideration was also denied. Docket No. 23.

Shortly thereafter, in a related case called *Barber v. Bryant*, this Court found that HB 1523 was substantially likely to violate the First and Fourteenth Amendments to the United States Constitution. *Barber v. Bryant*, --- F. Supp. 3d ---, 2016 WL 3562647 (S.D. Miss. June 30, 2016). The *Barber* plaintiffs also demonstrated that they were entitled to a preliminary injunction preventing the law from going into effect. *Id.* The injunction issued on June 30, 2016. *Id.*

Two of the State defendants promptly appealed to the United States Court of Appeals for the Fifth Circuit. That court decided that HB 1523 will remain enjoined pending appeal. *See Barber v. Bryant*, --- F.3d ---, 2016 WL 4375014, at *1 (5th Cir. Aug. 12, 2016) (denying State's

motion to let HB 1523 go into effect immediately). As a result, HB 1523 will have no effect for the foreseeable future.

The present motion followed.

## II. Arguments

The State contends that this matter should be paused pending resolution of the *Barber* appeal. It observes that HB 1523 is enjoined and cannot harm the plaintiffs for the time being.

The plaintiffs respond that "staying the case now before the merits are decided would leave Plaintiffs unprotected for a critical period of time if the Fifth Circuit overturns the existing preliminary injunctions in *Barber*." Docket No. 28, at 1-2. "In order to provide seamless protection for Plaintiffs' constitutional rights, the Court should allow the case to proceed to the merits and issue a declaratory judgment in Plaintiffs' favor so that, in the event that the existing preliminary injunctions are vacated, the Court can enter a narrower injunction in this case without delay." *Id.* at 2.

## III. Law

"A court is within its discretion to grant a stay when a related case with substantially similar issues is pending before a court of appeals." *Greco v. Nat'l Football League*, 116 F. Supp. 3d 744, 761 (N.D. Tex. 2015) (citation omitted). As the Supreme Court has explained,

> the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance. True, the suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else. Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both.

*Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citations omitted).

Whether to grant a stay pending resolution of another case is a fact-sensitive question. *In re Beebe*, 56 F.3d 1384, 1995 WL 337666, at *3 (5th Cir. 1995). If such a stay is granted, it must be moderate, of limited duration, and subject to reconsideration. *Id.* A stay should be dissolved when the balance of equities has tipped in the non-movant's favor. *Id.*

As the Supreme Court held in *Landis*, and the Fifth Circuit has emphasized in subsequent cases, among the equities to be considered is whether a stay will harm anyone. 299 U.S. at 255. In a mass tort case, for example, the Fifth Circuit found a stay inappropriate where "[t]he realities of the hardship of a stay on the plaintiffs, many of whom allege that they are dying from asbestosis, is substantial and, in some instances, permanent. The grim reaper has called while judgment waits." *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983). In the employment discrimination context, the same court found a stay improper where it "would have a very destructive effect on the valuable choice which . . . Congress had intended civil rights claimants to have." *Hines v. D'Artois*, 531 F.2d 726, 736 (5th Cir. 1976). "If plaintiffs were not to be permitted forthwith to tell their story to the court, the tale might be stale indeed by the time it reached judicial ears." *Id.* at 737.

**IV.  Discussion**

This is one of those rare instances where a case should be stayed pending resolution of another matter.

Normally, such a stay risks harm to the non-movant. If it is a personal injury case, the plaintiff has to wait longer to be made whole. He may even pass away before his day in court, as the *Wedgeworth* court noted. Witnesses' memories fade; evidence is lost over time. The result is prejudice to the person seeking timely judicial relief.

This case is different. The plaintiffs have never been harmed by HB 1523. They brought this suit claiming an anticipated future injury, but the law was enjoined before any such injury

could come to pass. Specifically, nothing suggests that the individual plaintiffs or the ACLU's members have even applied for or been denied a marriage license as a result of HB 1523. And, HB 1523 aside, should any of the plaintiffs (or anyone else for that matter) be denied a marriage license on account of their sexual orientation, they have an independent remedy by way of 42 U.S.C. § 1983 and *Obergefell v. Hodges*, 135 S. Ct. 2584 (2015).[1]

The plaintiffs argue that the State is undeserving of a stay because it has failed to prove harm. But *Landis* only required the movant to show "a clear case of hardship or inequity . . . *if* there is even a fair possibility that the stay for which he prays will work damage to some one else." 299 U.S. at 255 (emphasis added). As discussed above, that condition is not satisfied here.

The plaintiffs then press that an open-ended stay would be improper because it would not terminate when the Fifth Circuit rules. The applicable law, however, instructs that a stay must be reconsidered when the equities have changed. If the facts and equities of this case change—even if they change between the Fifth Circuit's ruling and the issuance of its mandate—the plaintiffs can file an appropriate motion. *See Trinity Indus., Inc. v. 188 L.L.C.*, No. 3:02-CV-405-H, 2002 WL 1315743, at *3 (N.D. Tex. June 13, 2002) (staying case only until a ruling by the appellate court). There is no need for this case to proceed now.

## V.     Conclusion

The State's motion is granted. This case is stayed pending a decision in *Barber v. Bryant*.

**SO ORDERED**, this the 17th day of October, 2016.

s/ Carlton W. Reeves<br>
UNITED STATES DISTRICT JUDGE

---

[1] The plaintiffs hypothesize that when they proceed with wedding planning, they may be turned away by private vendors on account of their sexual orientation. Docket No. 28, at 7. Any private vendor who seeks refuge in the protections of the unconstitutional HB 1523 acts at his peril.